UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-cv-21310-MARTINEZ/GOODMAN

PLASTIC THE MOVIE LIMITED,

    Plaintiff,

v.

JOHN DOE, subscriber assigned IP
address 75.74.194.151,

    Defendant.
_____/

## ORDER DENYING MOTION TO QUASH

On April 3, 2015, Plaintiff filed a Complaint against a yet-to-be-identified Defendant, who has been named John Doe. According to the Complaint, John Doe used peer-to-peer file sharing software to gain access to the BitTorrent file distribution network, to copy and distribute digital files that contain the motion picture, "Plastic." Plaintiff alleges that it holds the copyright to these digital files, and that John Doe has infringed that copyright. [ECF No. 1].

Plaintiff further alleges that through its investigation, it has identified the Internet Protocol ("IP") address assigned to the computer that John Doe used to access Plaintiff's copyrighted material. It also determined that John Doe, at the time of his or

1

her alleged infringing activity, received Internet services from Comcast Cable, his or her Internet Service Provider (ISP). [ECF No. 6].

Accordingly, Plaintiff filed a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 6] seeking to serve a third-party subpoena on Comcast Cable, the ISP identified in the Complaint, because a Rule 45 subpoena to John Doe's ISP was the only way in which Plaintiff could identify John Doe and thus move forward with the case. District Judge Jose. E. Martinez referred that motion to the Undersigned. [ECF No. 8]. Thereafter, the Undersigned granted the motion. [ECF No. 9]. In the Order granting the motion, the Undersigned provided that upon receipt of Plaintiff's subpoena, Comcast was to provide John Doe with a copy of the Complaint and the Order, and inform him or her that he or she may move to quash the subpoena.

After receiving the Undersigned's Order and the Complaint, John Doe entered several filings in this case, including two motions to dismiss [ECF Nos. 13; 16] that were denied [ECF Nos. 15; 18], and a "Motion/Request to Remove the Charges" [ECF No. 11] that the District Court deemed not responsive to the Complaint nor any other filing in this case [ECF No. 12]. Because of these filings however, and presumably because John Doe had notified Comcast of his or her intention to contest the subpoena, Comcast did not release John Doe's identifying information to Plaintiff.

Now, John Doe moves to quash Plaintiff's third-party subpoena. [ECF No. 20]. Plaintiff filed a response in opposition. [ECF No. 22]. John Doe did not file a reply and

2

the time for doing so is expired. For the reasons outlined below, the Undersigned **DENIES** John Doe's motion to quash and **ORDERS** that Comcast release John Doe's identifying information to Plaintiff in accordance with the subpoena served upon it.

**Legal Standard and Analysis**

John Doe's request to quash the subpoena is governed by Federal Rule of Civil Procedure 45(d)(3), which sets forth six circumstances under which a subpoena may be quashed or modified: (1) if the subpoena "fails to allow a reasonable time to comply"; (2) if the subpoena requires a non-party to travel more than 100 miles (except for trial within the state); (3) if the subpoena requires disclosure of privileged materials; (4) if the subpoena subjects a person to "undue burden"; (5) if the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) if the subpoena requires disclosure of certain expert opinions. Fed. R. Civ. P. 45(d)(3)(A)–(B). "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, No. 8:14–cv–2351–T–36AEP, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015).

John Doe presents several arguments to quash the subpoena, but only one of them addresses -- even tangentially -- a permissible challenge to a Rule 45 subpoena. First, John Doe addresses the merits of the case, claiming to have "never seen, nor downloaded the above reference [sic] film on my computer." [ECF No. 20, p. 1].

3

However, denial of liability is not a basis to quash a Rule 45 subpoena. *See*, *e.g.*, *Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 WL 1228383, at *2 (N.D. Ill. Mar. 24, 2014) ("If Doe is contesting whether he actually downloaded files, such arguments go the merits of the action and are not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit") (internal citations omitted).

Second, John Doe argues that he would face a reputational injury if his identity were to be exposed. John Doe cites to a case from the Northern District of Illinois, in which a District Court rejected a plaintiff's motion to serve early discovery on ISPs to learn the names of over 1,000 defendants who had allegedly illegally downloaded material online. *VPR Internationale v. Does 1-1017*, No. 11-2068, ECF No. 15 (C.D. Ill. Apr. 29, 2011). In *VPR*, the court's primary concern was that the plaintiff was a producer of adult entertainment content and so the identities of the defendants in that case could "be used to wrest quick settlements, even from people who have done nothing wrong[,]" because the embarrassment of public exposure might be too heavy of a burden. *Id.* at pp. 2-3. The present situation is not analogous to that addressed in *VPR*.

By all accounts, the copyrighted material in this matter is a major motion picture, *not* adult entertainment content, where the risk of reputational injury is most high and where a defendant would be most susceptible to undue pressure to settle the case for the sake of privacy so as to avoid public embarrassment, even if he or she had not in

4

fact done anything wrong. John Doe does not face the same risks that the defendants in *VPR* did, and accordingly, the Undersigned does not find that court's reasoning applicable to the present matter.

Third, John Doe raises a technological argument, claiming that the methods employed to find John Doe's IP address are not 100% accurate and that it is possible for hackers to utilize viruses to infect computers which they can then use to distribute copyrighted material illegally. [ECF No. 20, p. 2]. Additionally, John Doe claims that Comcast routers are susceptible to unauthorized use -- and the mere fact that an IP address may have been used to illegally download material does not necessarily mean that the subscriber to that IP address is the infringer. [*Id.*].

These technological arguments fail for two reasons. First, they do not in any way relate to the six reasons provided in Rule 45(d)(3) for quashing a subpoena. Second, even if the geo-localization method used by Plaintiff to identify the infringing IP address is not 100% accurate (and John Doe has provided no basis to actually question the accuracy of Plaintiff's geo-localization method), and even if it is possible for unauthorized users to hijack IP addresses for their own purposes, "obtaining that person's information [i.e., the identifying information of the person who is associated with the infringing IP address] 'is the logical first step in identifying the correct party.'" *Malibu Media v. Doe*, 2014 WL 1228383, at *3 (quoting *TCYK, LLC v. Does 1–44*, No. 13–cv–3825, 2014 WL 656786, at *4 (N.D. Ill. Feb. 20, 2014)); *see also reFX Audio Software, Inc.*

5

*v. Does 1–111*, No. 13 C 1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013) ("[The] argument that the subpoena should be quashed because the information sought will not itself identify the actual infringer demonstrates a lack of understanding of the basic scope of discovery under the federal rules. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence").

For this very same reason, the Undersigned rejects John Doe's fourth argument, which is that John Doe's identity is not relevant to this action. [ECF No. 20, p. 2]. This argument is unconvincing at this point because Plaintiff has plausibly *alleged* that Defendant is the responsible infringer. *See Malibu Media, LLC v. Dreev*, No. 6:13-cv-1959, ECF No. 35 (M.D. Fla. Jan. 5, 2015) ("Plaintiff alleges that its investigator established an internet connection with the Defendant's IP address, whereby Plaintiff's investigator downloaded from Defendant copies of the protected works. From those facts, it is plausible that the Defendant is liable for the infringement") (internal quotations omitted); *Malibu Media, LLC v. Roldan*, No. 8:13-cv-3007, 2014 WL 3805494, at *2 (M.D. Fla. Aug. 1, 2014) ("Plaintiff has alleged a plausible link between the subscriber assigned to IP address 96.58.134.12, Defendant, and the copyright infringement, and any factual disputes are inappropriate at this stage"); *see also Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *5 (D. Md. Dec. 16, 2014) ("[I]t takes no great imagination to see how evidence that a file was downloaded by a certain IP address

could support a plausible claim that the file was downloaded by the subscriber at that IP address") (internal quotation omitted).

As the Undersigned determined previously when granting Plaintiff's motion for early discovery, "a Rule 45 subpoena to John Doe's ISP is the only way in which Plaintiff can identify John Doe and thus move forward with the case." [ECF No. 9, p. 2]. *See also UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008); *Malibu Media, LLC v. John Doe*, No. 13-61022-CIV-DIMITROULEAS/SNOW, ECF No. 10 (S.D. Fla. May 14, 2013). Because John Doe was in control of the infringing internet connection, John Doe is the person most likely to have discoverable information relevant to Plaintiff's copyright infringement claim. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 14-3945, 2015 WL 3795716, at *2-4 (D.N.J. June 18, 2015) ("[E]ven if the subscriber is not the infringer, the information sought by the subpoena is reasonably calculated to lead to the discovery of information necessary to allow Plaintiff to ascertain the infringer's true identity. . . . [W]hile it is possible that the subscriber did not download the infringing material, it is also possible that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer"). Accordingly, the Undersigned finds that John Doe's identity is not just *relevant*, but arguably indispensable to this case.

John Doe's fifth argument is the only one that tangentially addresses the Rule 45 standards for quashing a subpoena. As an extension of the relevancy argument, John Doe argues that "even if the information has some small amount of relevance to the claim which it does not; discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of the burden to the defendant." [ECF No. 20, p. 2]. This argument could be construed as asserting that the subpoena places an "undue burden" on John Doe, which is the fourth circumstance under which a Court may quash a Rule 45 subpoena. However, John Doe is not the party to whom the subpoena is addressed. It is, in fact, *Comcast* who is burdened with acting in response to this subpoena.

Courts have made clear that "the undue burden contemplated by Rule 45 is one placed on the direct recipient of the subpoena, the ISP in this case, not on third parties such as the Doe defendants." *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 556 (D. Md. 2012). For this reason, a party "does not have standing to object to a subpoena directed to a non-party witness." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010) (internal quotation omitted); *see also Breaking Glass Pictures v. John Does 1-32*, No. 2:13-CV-849, 2014 WL 467137, at *6 (S.D. Ohio Feb. 5, 2014) ("Defendant is not burdened by the subpoena because it is not he who is required to respond to the subpoena; defendant lacks standing to challenge the subpoena on the basis that it burdens—not him—but his ISP"); *Malibu Media, LLC v.*

*John Does #1-30*, No. 12-3896, 2012 WL 6203697, at *4 (D.N.J. Dec. 12, 2012) ("Defendants do not have standing to contest the third-party Subpoenas on the basis of undue burden"); *Malibu Media, LLC v. Does*, 902 F. Supp. 2d 690, 698 (E.D. Pa. 2012) ("The Court rejects the assertion that the third-party subpoenas served on the ISPs would subject the John Does to undue burden. Notably, the subpoenas are addressed to third parties—the ISPs, not the John Does. The ISPs have not objected to the subpoenas, nor would any objection by them have much chance of success"); *Malibu Media, LLC v. Does*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) ("Defendant is not faced with an undue burden because the subpoena is directed at the internet service provider and not the Defendant. . . . It is the service provider that is compelled to disclose the information, and thus, its prerogative to claim an undue burden. In this case, there is no burden on Defendant to produce any information").

Furthermore, even if John Doe did have standing to object to the subpoena, the argument that the subpoena is unduly burdensome on John Doe is not compelling. First of all, as noted above, John Doe is not actually tasked to do anything in response to the subpoena. Thus, any burden of unduly cumbersome searching or production is not applicable in this matter.

It appears that John Doe has concerns that private information (namely the identity of John Doe and contact information) would be disclosed and that this disclosure would burden John Doe's privacy interests. This argument is not convincing.

9

Plaintiff has a significant interest in discovering John Doe's identity so that it may proceed with this action and protect and enforce its copyright. This interest far outweighs John Doe's interest in shielding his or her identity from plaintiff.

"[T]he [Supreme] Court 'consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.'" *United States v. Hambrick*, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999) (quoting *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979)). Here, "there is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider." *Malibu Media, LLC v. Does*, No. 1:12-cv-263, 2012 WL 6019259, at *4 (N.D. Ind. Dec. 3, 2012) (internal quotation omitted).

And courts further make clear that an internet subscriber has "no protected privacy interest" in his or her identifying information when same is sought for the purpose of maintaining a copyright infringement action. *Id.* ("Doe's argument that fulfilling the subpoena would invade his privacy and jeopardize his identity is insufficient to quash the subpoena as he has no expectation of privacy in the identifying information the subpoena seeks from the ISP."); *see also Arista Records, LLC*, 604 F.3d at 117, 124 ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment . . . . [W]e regard Doe 3's expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to

defend against a claim of copyright infringement"); *Rotten Records, Inc. v. Doe*, No. 1:15-cv-0445, 2015 WL 3500488, at *2 (W.D.N.Y. June 2, 2015) ("Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest").

Accordingly the Undersigned rejects John Doe's fifth argument.

**Conclusion**

For the reasons stated above, the Undersigned **DENIES** John Doe's motion to quash and **ORDERS** that Comcast release John Doe's identifying information to Plaintiff in accordance with the subpoena served upon it.

**DONE AND ORDERED** in chambers, in Miami, Florida, on September 24, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Jose E. Martinez
All counsel of record

11